LAZARUS v. EISLER et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

1. MASTER AND SERVANT (§ 217*)—INJURY TO SERVANT—ASSUMPTION OF RISK.
    An employé who worked on a machine but about 10 minutes, and who did not notice anything wrong with the mechanism, did not assume any risk of injury.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

2. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.
    One employed as a feeder of a printing press was injured while attempting to remove a defect by the starting of the machine. When he put his hand into the machine, it was at complete rest. He failed to use a brake which, when pressed down, made it impossible for the machine to start. He was familiar with the use of the brake. Held, that he was not guilty of contributory negligence as a matter of law in failing to use the brake.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

3. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.
    Where neither the operator of a printing press injured while attempting to remove a defect by the sudden starting of the machinery, nor any other employé, shifted the belt from the loose pulley to the tight pulley, and the machinery could not start without the belt getting on the tight pulley, and unless the prongs on the lever were loose and out of order, so as to permit the belt to joggle over, the accident could not be accounted for, the question of the negligence of the master must be submitted to the jury, in the absence of any explanation from the master as to the cause of the accident.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Herman Lazarus, an infant, by Max Lazarus, against Antonio Eisler and another, copartners. From a judgment dismissing the complaint and from an order denying a new trial, plaintiff appeals. Reversed and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Andrew Byrne, of New York City (L. F. Fish, on the brief), for appellant.

E. Clyde Sherwood, of New York City, for respondents.

CARR, J. This is an action brought by a servant against his master to recover damages for personal injuries arising from alleged negligence of the master.

The plaintiff, at the time of the accident, was about 18 years of age. He was employed as a "feeder" upon a printing press. He had an experience in this work of about a year and a half. He was familiar with the type of press upon which he was working, though his experience upon the press in question was of about 10 minutes. Power was put on and taken off this press by belting which revolved around pulleys at its side. To put on power, the belting was shifted to a "tight pulley," and to take off power it was shifted to the "loose pulley." According to the plaintiff's testimony, he noticed that while printing the sheets some of the type did not make a good impression. He stopped the machine, and turned back a few feet to get some appliances to remedy the defect. When he returned to his press, it was at a complete rest. While remedying the defect of type impression, it was necessary for him to put his hand in between the bed and the upper plate of the press. His hand was caught back of the knuckles by a part of the mechanism known as "the gripper." While trying to get his hand loose, the press started and so bruised one of his fingers that it became necessary to amputate it. He gave proof by an expert witness which tended to show that there was no other way to start the press except by the belting coming upon the tight pulley. This could happen only from one of two causes, either the act of the plaintiff himself in shifting the lever, or by the belt "joggling" off the "loose pulley" onto the "tight pulley." This latter result could happen only if certain "prongs" which were on the lever had become loosened and failed to keep the belt in its proper place. Both pulleys were located side by side with but little intervening space. The plaintiff's testimony eliminated any question of an act on his part which shifted the lever. There was no one else about the machine to whom such a shifting might be attributed; hence it was argued that at least a prima facie case was made out that the prongs on the lever were loose and out of order.

[1] As the plaintiff had been working on this machine but about 10 minutes, and had not noticed anything wrong with the mechanism, there was no question in the case as to assumption of risks.

[2] The learned trial court dismissed the complaint at the close of the plaintiff's case, and it is apparent from the record that the

trial court was of opinion that the plaintiff was guilty of contributory negligence as a matter of law, and it so declared expressly. This opinion was based upon facts as follows: There was attached to the press a brake operated by the "feeder's" foot. When this brake was pressed down, it was impossible for the machine to start. The plaintiff was familiar with the use of the brake, but did not then use it. The failure to use it the trial court considered to be contributory negligence as a matter of law. In this opinion it erred. According to the plaintiff's testimony, the machine was at complete rest when he put his hand between the bed and the plate; therefore there was no occasion to use the brake to stop the machine. It had been stopped already. The only purpose of pressing down the brake under these circumstances would have been one of extra precaution against some possible danger arising out of some defect somewhere in the mechanism. It is not suggested that the plaintiff knew or had any reason to suspect such defect. Therefore his failure to use the brake was not a failure to use ordinary care, but a failure to exercise extraordinary caution, and such failure could not amount to contributory negligence as a matter of law.

[3] It is argued, however, that nevertheless the complaint was dismissed properly enough because the plaintiff's proofs did not establish any negligence upon the part of the defendant. These proofs, however, went far enough to show that neither the plaintiff nor any other employé had shifted the belt back from the "loose pulley" to the "tight pulley," and that the machine could not have started without the belt getting in some way upon the "tight pulley," and that unless the "prongs" on the lever were loose and out of order, so as to permit the belt to "joggle" over, there was no way of accounting for the accident.

Speaking as to this case alone, we think these proofs were sufficient to require a submission of the plaintiff's case to the jury, in the absence of any explanation from the defendant. Koehler v. N. Y. Steam Co., 183 N. Y. 1, 75 N. E. 538.

The judgment and order should be reversed and a new trial granted, costs to abide the event. All concur.